**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**


O.B. DAVIS, JR.                    :          DOCKET NO. 15-cv-2915
    D.O.C. # 106316

VERSUS                             :          JUDGE MINALDI


STATE OF LOUISIANA                 :          MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


    Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §
2254 by *pro se* petitioner O.B. Davis, Jr. ("Davis"). Davis is an inmate in the custody of
Louisiana's Department of Public Safety and Corrections and is incarcerated at Winn Correctional
Center in Winnfield, Louisiana.

    This matter was referred to the undersigned for review, report, and recommendation in
accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the
following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as
time barred by the provisions of 28 U.S.C. §2244(d).

**I.**
**BACKGROUND**

    On June 17, 2013, Davis entered a plea of *nolo contendere* to forcible rape and was
sentenced by the Thirty-First Judicial District Court in Jennings, Louisiana, to twenty years of
incarceration. Doc. 7, p. 1. Davis then filed motions for production of documents in the trial court,
which were denied in part.[1] Davis sought review in the Third Circuit on September 19, 2013. *Davis
v. Louisiana*, 2:15-cv-2564, doc. 1, att. 1, p. 14. The Third Circuit denied his application as

---

[1] See accompanying Report & Recommendation for details on these motions.

deficient on November 18, 2013. *Id.* Davis sought review in the Louisiana Supreme Court, which denied same on August 28, 2015. *Id.* at 20.

Davis filed the instant petition with this court on December 24, 2015. *See Davis v. Louisiana*, 2:15-cv-2915, doc. 1, p. 13 (providing date of delivery to prison mailing system).

## II.
### LAW AND ANALYSIS

### A. *Timeliness under § 2244(d)(1)(A)*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief ("PCR") is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

- 2 -

Davis pleaded no contest and was sentenced on June 17, 2013. Under the provisions of LA. C. CR. P. art. 914 he had thirty days from the date of the judgment, until July 17, 2013, to lodge his appeal. Davis's appeal in this case, which dealt solely with the trial court's denial of his motion for production of documents and access to evidence, was not filed until September 19, 2013, well after the thirty day time limitation had elapsed.[2]   As Davis did not timely appeal his conviction and sentence, they became final on July 17, 2013, and he had one year, or until on or about July 17, 2014, to file his federal *habeas corpus* petition.

Davis claims that he filed an application for PCR. *Davis v. Louisiana*, 2:15-cv-2915, doc. 1, pp. 6–8. However, he only points to Third Circuit decisions, which actually relate to his 2013 motions for production of documents. *Davis v. Louisiana*, 2:15-cv-2564, doc. 1, att. 1, p. 18. He does not allege that he took the required step of filing an application for post-conviction relief in the trial court. La. C. Cr. P. art. 926; *see   Davis v. Louisiana*, 2:15-cv-2915, doc. 1, pp. 6–8. Furthermore, none of the documents produced by Davis in the instant case or in *Davis*, 2:15-cv-2564, constitutes a properly filed application for PCR. Thus the limitations period was never tolled pursuant to § 2244(d)(2). Because more than one year elapsed un-tolled between the date his judgment of conviction became final and the date he filed his petition for *habeas corpus*, the petition is time-barred by the provisions of 28 U.S.C. § 2244(d).

### B.  Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting

---

[2] Additionally, the Third Circuit denied the application as deficient on November 18, 2013, rendering same improperly filed.

his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007).

Nothing alleged supports equitable tolling of the statute of limitations in the instant case. Davis does not claim that he was actively misled by the State of Louisiana; nor has he asserted that he was prevented in some extraordinary way by circumstances outside of his control from asserting his rights in a timely manner. The petition is therefore time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred by 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil

Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 26th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE